PANISH SHEA & BOYLE LLP
KEVIN R. BOYLE, State Bar No. 192718
 *boyle@psblaw.com*
MATTHEW STUMPF, State Bar No. 301867
 *stumpf@psblaw.com*
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: 310.477.1700
Facsimile: 310.477.1699

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY DAVID MAXWELL, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE BOEING COMPANY, a corporation; PARIS DAVID COOPER, an individual; and DOES 1 through 10, inclusive,,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. NEGLIGENCE**<br><br>**2. NEGLIGENT HIRING / RETENTION / SUPERVISION / TRAINING**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff PERRY DAVID MAXWELL (hereinafter referred to as "Plaintiff"), by and through his attorneys, Kevin Boyle and Matthew Stumpf of Panish, Shea & Boyle, LLP, hereby complains of Defendants and DOES 1 through 10, inclusive (collectively, "Defendants"), and each of them, and allege as follows:

## PARTIES, JURISDICTION AND VENUE

1. This Court's jurisdiction arises under federal diversity jurisdiction as provided by Title 28 U.S.C. Section 1332. The amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and the action is between citizens of different states, per § 1332(1).

Case No.
COMPLAINT FOR DAMAGES

2. Plaintiff, Perry David Maxwell, is and was a citizen and resident of the state of California.

3. Defendant The Boeing Company ("Boeing") is incorporated in the state of Delaware and its principal place of business and headquarters are in the state of Illinois. At all times relevant herein, Defendant was a corporation authorized to do, has regularly done, and is continually and systematically doing business in the Counties of Los Angeles and San Bernardino, State of California.

4. Defendant, Paris David Cooper, is and was a citizen and resident of the state of Arizona.

5. The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. The full extent of the facts linking such fictitiously sued defendants is unknown to Plaintiff. Plaintiff is informed and believes, and thereupon alleges, that each of the defendants designated herein as a DOE was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the described injuries and damages to Plaintiff. Plaintiff will hereinafter seek leave of the Court to amend this Complaint to show the defendants' true names and capacities after the same have been ascertained. Defendants DOES 1 through 10, inclusive, including any general or limited members in a DOE partnership, association, or limited liability company, are believed not to be citizens, incorporated, or have their principal place of business in the State of California. All allegations in this Complaint are also deemed made against DOES 1 through 10. When "Defendants" is used in this Complaint, it is intended to and does include DOES 1 through 10.

6. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, Defendants, and each of them, including DOES 1 through

10, inclusive, and each of them, were agents, servants, employees, successors in interest, and/or joint venturers of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, successor in interest, and/or joint venturer.

7. Venue is proper in this district pursuant to 28 U.S.C. Section 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Specifically, the automobile collision and injuries sustained by plaintiff that gave rise to plaintiff's claim occurred within this district. Furthermore, the substantial part of plaintiff's medical treatment, including several surgeries, occurred within this district.

## GENERAL ALLEGATIONS

8. On June 18, 2017 at approximately 6:00 p.m., Plaintiff was travelling northbound on Route 395 in Adelanto, California. Plaintiff came to a complete stop at a red light at the intersection with Air Express Way. Suddenly and without warning, he was rear-ended by Defendant Paris David Cooper, who was driving a 2006 white Chevrolet truck, with attach trailer, with "Boeing" written on the vehicle doors, bearing Arizona vehicle license number CB59808 (hereafter "subject truck"). As a result of the collision, Plaintiff sustained multiple injuries, including but not limited to injuries to his hip, neck which required surgery as well as his head.

9. Plaintiff is informed and believes, and thereupon alleges, that Defendants Boeing Company and DOES 1 through 10, inclusive, and each of them, owned, leased, managed, inspected, maintained, operated, and controlled the 2006 Chevy 1-Ton truck and trailer, hereinafter referred to as "subject truck."

10. Plaintiff is informed and believes, and thereupon alleges, that Defendant Paris David Cooper was employed by or was the agent of Defendants Boeing Company and DOES 1 through 10, inclusive, and each of them, and was at

1  all times herein relevant acting within the course and scope of his duties for his
2  employer and/or principal, Defendants Boeing Company and DOES 1 through 10,
3  inclusive, and each of them.
4      11.    Plaintiff alleges that Defendants Boeing Company and DOES 1
5  through 10, inclusive, and each of them, were informed for a period of time prior to
6  June 18, 2017 that Defendant Paris David Cooper was unfit, unqualified, and/or not
7  capable to safely drive a vehicle on public roadways. Plaintiff further alleges, that
8  despite the knowledge of Defendants Boeing Company and DOES 1 through 10,
9  inclusive, and each of them, with regard to dangers associated with allowing
10 Defendant Paris David Cooper to drive a motor vehicle on public roadways for work
11 related purposes, Defendants negligently authorized and required Defendant Paris
12 David Cooper to drive the subject truck on the public highways for purposes related
13 to his employment with Defendants.
14     12.    As the direct and proximate result of Defendants' negligence, which
15 solely caused the subject collision, Plaintiff suffered significant and debilitating
16 injuries.

## FIRST CAUSE OF ACTION
### (Negligence)

19     13.    COMES NOW Plaintiff, and for a First Cause of Action against
20 Defendants, including DOES 1 through 10, and each of them, complains and alleges
21 as follows:
22     14.    Plaintiff re-alleges and reincorporates paragraphs 1 through 12,
23 inclusive of the Introduction, Identification of Parties, and General Allegations,
24 above.
25     15.    Plaintiff is informed and believes, and thereupon alleges, that at all
26 times mentioned herein, Defendants Boeing Company, Paris David Cooper, and
27 DOES 1 through 10, inclusive, and each of them, owned, leased, maintained,
28 inspected, entrusted, managed, regulated, controlled, and, or, operated the subject

truck.

16. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, Defendants Boeing Company, Paris David Cooper, and DOES 1 through 10, inclusive, and each of them, owed a duty to exercise reasonable care to all reasonably foreseeable people, including Plaintiff, to own, lease, maintain, inspect, entrust, manage, regulate, control, and operate the subject truck in a reasonable manner.

17. Plaintiff is informed and believes, and thereupon alleges, that the negligent conduct by Defendants Boeing Company, Paris David Cooper, and DOES 1 through 10, inclusive, and each of them, breached their duty to own, lease, maintain, inspect, entrust, manage, regulate, control, and operate the subject truck in a reasonable manner, and Defendants were accordingly negligent is said conduct.

18. Defendants Boeing Company, Paris David Cooper, and DOES 1 through 10, inclusive, negligence was the direct, legal, and proximate cause, as well as a substantial factor in causing, the injuries and damages that Plaintiff sustained in the collision.

19. As a legal, direct, and proximate result of the negligent conduct of Defendants Boeing Company, Paris David Cooper, and DOES 1 through 10, inclusive, and each of them, Plaintiff was compelled to, and did, employ the services of hospitals, physicians, surgeons, nurses, physical therapists, and the like, to care for and treat him, and will require additional medical care in the future, the exact amount of such losses to be stated according to proof.

20. As a legal, direct, and proximate result of the negligent conduct of Defendants Boeing Company, Paris David Cooper, and DOES 1 through 10, inclusive, and each of them, Plaintiff has suffered loss of earnings in the past and future, the exact amount of such losses to be stated according to proof.

21. As a legal, direct, and proximate result of the aforementioned negligent conduct of Defendants Boeing Company, Paris David Cooper, DOES 1 through 10

1  inclusive, and each of them, Plaintiff was injured and hurt in his health, strength,
2  and activity, sustaining injuries to his body, all of which said injuries have caused
3  and continue to cause Plaintiff great physical and mental pain and suffering, all to
4  his general noneconomic damages in an amount which will be stated according to
5  proof.

6      22.    As a legal, direct, and proximate result of the aforementioned negligent
7  conduct of Defendants Boeing Company, Paris David Cooper, DOES 1 through 10
8  inclusive, and each of them, Plaintiff suffered property damage to the vehicle that
9  he was driving at the time of the collision.

## SECOND CAUSE OF ACTION
## (Negligent Hiring/Retention/Training/Supervision)

13      23.    Plaintiff re-alleges and reincorporates paragraphs 1 through 21,
14  inclusive of the Introduction, Identification of Parties, and General Allegations,
15  above.

16      24.    Plaintiff is informed and believes, and thereupon alleges, that at all
17  times mentioned herein, Defendant Paris David Cooper was acting within the course
18  and scope of his duties for his employer(s) and/or principal(s), Defendants Boeing
19  Company and DOES 1 through 10, inclusive, and each of them.

20      25.    Plaintiff is informed and believes, and thereupon alleges, that at all
21  times mentioned herein, Defendants Boeing Company and DOES 1 through 10,
22  inclusive, and each of them, were negligent in the hiring and/or retention of
23  Defendant Paris David Cooper in that Defendants Boeing Company and DOES 1
24  through 10, inclusive, knew or should have known that Defendant Paris David
25  Cooper was unfit for the specific tasks to be performed during the course of his
26  employment, namely the general safe operation of the subject truck.

27      26.    Plaintiff is informed and believes, and thereupon alleges, that at all
28  times mentioned herein, Defendants Boeing Company and DOES 1 through 10,

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

inclusive, and each of them, were negligent by failing to provide any or sufficient training or supervision to Defendant Paris David Cooper after hiring him, and continued to retain Defendant Paris David Cooper as an agent and/or employee for job performance which included driving trucks such as the subject truck for Defendants Boeing Company and DOES 1 through 10, inclusive.

27. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, Defendants Boeing Company and DOES 1 through 10, inclusive, and each of them, owed a duty of care to the public, including Plaintiff, including the duty to act reasonably in the hiring, retention, training, and supervision of their agents, employees, servants, and/or independent contractors, which they assigned to operate motor vehicles such as the subject truck.

28. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, Defendants Boeing Company and DOES 1 through 10, inclusive, and each of them, failed to act reasonably in the hiring, retention, training, and/or supervision of their agents, employees, servants, and/or independent contractors, including Defendant Paris David Cooper.

29. Plaintiff is informed and believes, and thereupon alleges, that the aforementioned negligent hiring, retention, training, and/or supervision of Defendant Paris David Cooper by Defendants Boeing Company and DOES 1 through 10, inclusive, and each of them, directly, legally, and proximately caused, and was a substantial factor in causing, a collision between the subject truck and Plaintiff's vehicle, who was acting in a reasonable manner and with due care while stopped at a red light.

30. As a legal, direct, and proximate result of the negligent conduct of Defendants Boeing Company and DOES 1 through 10, inclusive, and each of them, Plaintiff was compelled to, and did, employ the services of hospitals, physicians, surgeons, nurses, physical therapists, and the like, to care for and treat him, and will require additional medical care in the future, the exact amount of such losses to be

1  stated according to proof.

2  31.   As a legal, direct, and proximate result of the negligent conduct of
3  Defendants Boeing Company and DOES 1 through 10, inclusive, and each of them,
4  Plaintiff has suffered loss of earnings in the past and future, the exact amount of
5  such losses to be stated according to proof.

6  32.   As a legal, direct, and proximate result of the aforementioned negligent
7  conduct of Defendants Boeing Company and DOES 1 through 10 inclusive, and
8  each of them, Plaintiff was injured and hurt in his health, strength, and activity,
9  sustaining injuries to his body, all of which said injuries have caused and continue to
10 cause Plaintiff great physical and mental pain and suffering, all to his general
11 noneconomic damages in an amount which will be stated according to proof.

12 33.   As a legal, direct, and proximate result of the aforementioned negligent
13 conduct of Defendants Boeing Company and DOES 1 through 10 inclusive, and
14 each of them, Plaintiff suffered property damage to the vehicle that he was driving
15 at the time of the collision.

16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

WHEREFORE, Plaintiff prays for judgment as against all Defendants (including DOES 1-10) as follows:

1. For general/non-economic damages in excess of Seventy-Five Thousand Dollars ($75,000.00) according to proof;

2. For special/economic damages including but not limited to past and future hospital, medical, professional, and incidental expenses, in excess of Seventy-Five Thousand Dollars (75,000.00), according to proof;

3. For past and future loss of earnings, and loss of earning capacity, in excess of Seventy-Five Thousand Dollars ($75,000.00), according to proof;

4. For damages to Plaintiff's property, and economic damages related thereto, according to proof;

5. For costs of suit incurred herein;

6. For prejudgment interest, according to proof;

7. For Plaintiff's attorneys' fees; and

8. For such other and further relief as the Court deems just and proper.

DATED: June 13, 2019       PANISH SHEA & BOYLE LLP

By: _____
Kevin Boyle
Matthew Stumpf
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: June 13, 2019        PANISH SHEA & BOYLE LLP

By: _____
Kevin R. Boyle
Matthew Stumpf
Attorneys for Plaintiff